Sewall, J.,
delivered the opinion of the Court.
To a writ of audita querela, the defendant appears and pleads by demurring to the writ, with these special causes assigned; — that the matter alleged as the cause of complaint might have been pleaded in bar-; and, 2dly, because the plaintiff’s remedy, if any he has, is not by audita querela, but by a review, which, upon petition, ac cording to the late statute, the Court would authorize. The demurrer * having been joined by the plaintiff, the [ * 103 j process and the complaint, as confessed by the demurrer, - are before us, to be sustained or dismissed; and if sustained, we are to afford such relief in the grievance complained of as justice requires.
As to the last exception to this writ, the defendant’s counsel have not placed much reliance upon it, and no authority has been cited in support of it. The authorities are clearly otherwise. An audita querela being at common law, it is not taken away or abolished by a concurrent remedy, if any suitable to the case had been provided ; and certainly a remedy by right is not excluded by a provision for a remedy, to be permitted on petition; which proceeds upon the supposition that the applicant has no means of redress in the ordinary course of law.
But it is not correct to say that an audita querela is to be sustained only where there is no other remedy. It is a concurrent remedy with others; as in cases where redress may be had by summary proceedings on motion, the party is sometimes put to his audita querela, because material facts are controverted, which the Court will not undertake to decide. (3), (a)
The statute (4) which directs the forms of proceeding in audita querela has left the question of the cases, in which it is a suitable remedy, to be determined by rules and precedents at common law.
The remedy is said to be in the nature of a bill in equity. An allegation of fraud and deceit seems to be essential, and the case supposed must be one where legal process has been abused, and injuriously employed to purposes of fraud and oppression. *114 But allegations of abuse are not to be heard as a ground of complaint, where the party complaining has already had a legal opportunity of defence; or when the injury, if any has been sustained, is to be attributed to his own neglect; for, otherwise, legal proceedings would be endless. It is a rule, therefore, that an [*104] audita * querela does not lie, where the party has had time and opportunity to take advantage' of the matter which discharges him, and haa neglected it. (5), (b)
It lies, however, where a man satisfies a judgment, and afterwards is taken in execution ; or while a writ of error is pending, if the plaintiff releases all executions, yet affirms the judgment, and takes out execution; so if, after a verdict at nisi prius, and before the day in bank, the party obtaining releases all actions and demands to the party charged by the verdict, yet afterwards takes judgment upon it, and sues out execution. These are cases not within the rule; and yet in all of them there may be perceived a possible interval or opportunity for redress ; as upon motion to the court, if the party, finally injured by the execution, had been aware of his danger at some earlier period of the proceedings fraudulently managed against him. And the case at bar seems to be within these precedents.
If the facts averred in the writ are true, and these are now to be understood as confessed, the plaintiff in this action, — defendant in the action wherein a judgment, as he alleges, has been fraudulently recovered against him, — had no opportunity of pleading the payment or discharge of the demand which he had adjusted. Before judgment was entered, indeed, the adjustment had been made, but with an understanding that the suit was thereby finally compromised, and was to be discontinued by the care of this defendant. In this the plaintiff was deceived; but the present defendant is not to avail himself of this fraud, which is pointedly, and, as he has confessed, truly alleged against him.
Upon the whole, the Court sustain the writ and declaration. These are adjudged good and sufficient; and the plaintiff is to have judgment upon the defendant’s demurrer, unless other cause is shown, (c)
ADDITIONAL NUIL.
[See Clark vs. Freeman, 5 Verm. 122.
When a party has had a legal opportunity of defence, or suffers injury from his own negligence, an audita querela does not lie. — Barrett vs. Vaughan, 6 Verm. 243
*115 It is the proper remedy, where a defendant has been committed on execution after the plaintiff's death. — Com. vs. Whitney, 10 Pick. 439.
In South Carolina, this remedy has been superseded by that of a summary motion to the court. — Longworth vs. Screven, 2 Hill, 298. — And see Durand vs. Halback, 1 Miles, 46.
So in England, where the case is clear—not otherwise. — Symons vs. Blake 4 Dowl P. C. 263. — Baker vs. Ridgway, 2 Bing. 41. — F. H.]

 Com. Dig., tit. Aud. Quer. D.—2 Str. 1198.

 [Brackett vs. Winslow, 17 Mass. Rep. 158. — Sed vide Marsel., Mud. Quer. 100. — 2 Sound. 148, a.— Young vs. Collet, T. Ray. 89. — Ed.]

1 Stat. 1780, c. 47

 1 Rol. 306. — T. Raym. 89. — 1 Sid. 43.

6) [Thatcher vs. Gammon, 12 Mass. Rep. 270.— Ed.]

 [Brooks vs. Hunt, 17 Johns. Rep. 487. — Wardell vs. Eden, 2 Johns. Cos. 261. — Baker vs. Judges Ulster Com. Pl. Johns. Rep. 191. — Ed ]