### ELWELL v. SHAW.

A deed executed by an attorney, to be valid, must be made in the name of his principal.

If land be sold for the non-payment of divers taxes, one of which is illegal, and the rest legal, the sale is void.

THIS cause was ordered to a new trial by the Supreme Judicial Court of *Massachusetts* immediately before the separation of *Maine* from that State, by a written order of the Court transmitted from *Boston* to the Clerk of this county. But the report of the case not being as yet printed, [since published in 16 *Mass.* 42.] and the principles of the decision not having been distinctly ascertained, it was opened *de novo* at *October* term 1820.

The tenant claimed title, as before, under *Jonathan Elwell*, the demandant, by virtue of a deed executed by *Joshua Elwell* his attorney, whose authority to make a deed of the premises in the name of his principal was admitted to be sufficient. This deed, after a recital of the substance of the letter of attorney, was in the following words : " Now know ye, that I the said *Joshua*, by " virtue of the power aforesaid, in consideration of two hun- " dred dollars paid me by *J. S.* and *T. P. S.* of, &c. the receipt " whereof I do hereby acknowledge, do hereby bargain, grant, " sell and convey unto the said *J.* and *T.* a certain tract of land, " &c.——To have and to hold the same to them the said *J.* and " *T.* their heirs and assigns forever. And I do covenant with " the said *J.* and *T.* that I am duly empowered to make the " grant and conveyance aforesaid ; that the said *Jonathan*, at the " time of executing said power was, and now is, lawfully seized " of the premises, and that he will warrant and defend the same " to the said *J.* and *T.* forever, against the lawful claims and " demands of all persons. In testimony whereof I have here- " unto set *the name and seal of the said Jonathan*, this," &c. Signed *Joshua Elwell*, and a seal—and acknowledged by the said *Joshua* to be " his *and the said Jonathan's* deed," before a magistrate.

But the Judge who presided at the trial of the cause ruled that this was not the deed of the *demandant*, and therefore could not operate to pass the fee from him.

The tenant then shewed the deed of *Thomas Buckmar*, collector of taxes for the town of *Northport*, in which the land lies, conveying the premises to the tenant, as purchaser at a sale for non-payment of taxes. It appeared that there were five distinct taxes assessed and committed to the collector in separate bills, for the non-payment of *all which* the land was sold. The only objection made to the validity of the sale was, that in *one* of these assessments the overlayings exceeded, by ten dollars and thirteen cents, the amount authorized by the statute.

The Judge ruled that this objection was fatal to the tenant's title under the collector's deed; and a verdict was thereupon taken for the demandant, subject to the opinion of the Court upon the facts above stated.

*Wilson* and *Greenleaf*, for the defendant, argued, as to the first point, that the deed must be taken to be the deed of the demandant, unless it was plainly the deed of the attorney. The *seal is expressly declared to be the demandant's*, and the intent of the conveyance, as is manifest from inspection, was to convey the estate in execution of the power. The cases where the attorney has been held answerable personally on his covenants or other engagements are cases where he acted either *beyond his authority ;*—as where administrators covenanted to warrant, *Sumner v. Williams*, 8 *Mass.* 162. 209.—to perform an award, *Barry v. Rush*, 1 *D. & E.* 691.—and where a guardian gave a promissory note ; *Thatcher v. Dinsmore*, 5 *Mass.* 299.—Or *without any authority* whatever ; *Appleton v. Binks*, 5 *East* 148. *Tippets v. Walker*, 4 *Mass.* 595. *Tucker v. Bass*, 5 *Mass* 164.—Or where he *does not name* his principal, or does not express in the instrument the authority under which he acts; *Stackpole v. Arnold*, 11 *Mass.* 27. *Mayhew v. Prince*, 11 *Mass.* 54. *Arfridson v. Ladd*, 12 *Mass.* 173. *White v. Cuyler*, 6 *D. & E.* 176.—Or where he *expressly* covenants in *his own* name; *Fowler v. Shearer*, 7 *Mass.* 14. If the instrument be executed in the name of the principal, or distinctly declare the person intended to be bound, it is enough. *Long v. Colburn*, 11 *Mass.* 97. *Wilkes v. Back*, 2 *East* 142. And as in this case the attorney had sufficient authority, which is recited in the deed, in which the party intended to be bound is plainly shewn to be the demandant, whose seal is affixed ; and as the attorney has not exceeded his

Elwell *v.* Shaw.

authority, the deed cannot be considered as his, and is therefore the demandant's.

As to the second point, they contended that no injury could possibly result to the owner of land by supporting a collector's sale where one of the taxes was legally assessed. The valuation and copy of the assessments being lodged in the proper office would always enable him to ascertain what taxes were legally assessed, and *these* might be tendered at any time within two years and the land redeemed. The expenses would generally be the same on a sale for one tax, as for more than one; and if not, the owner might tender his proportion. *Colman v. Anderson*, 10 *Mass.* 105. 117.—119. *Pejepscot Prop'rs v. Ransom*, 14 *Mass.* 145. The decisions as to sales of personal chattels it is true are otherwise, and for other reasons. There the act is entire, and there is no method of separating the good from the bad. The sale is absolute. The owner has no time to redeem his goods ; and thus the illegal tax *necessarily* affects the whole proceedings. *Libby v. Burnham*, 15 *Mass.* 147. *Stetson v. Kempton*, 13 *Mass.* 283. In this latter case the tax was illegal in its *object.*

*Orr* and *White*, for the plaintiff. The first point has already been settled, by a Court of competent jurisdiction, after long deliberation, and upon the weight of authority. But the deed is the deed of the attorney. Here are his covenants, in the words " *I grant, sell and convey,*" which import a covenant of quiet enjoyment. Here is also *his name*, and a seal, and he acknowledges it to be *his* deed before the magistrate. If this were an action of covenant against him, the Court would reject as surplusage all things contrary to his covenants. *Worthington v. Hylyer*, 4 *Mass.* 196.

As to the other point; it has been holden for many years that a title under the provisions of a statute must be made out *strictly ;* and nothing is presumed but in favour of ancient conveyances, which this is not. The copies of the valuation and assessments being duly filed, purchasers may easily know what sort of titles they buy ; and if they purchase those which are unsound, it is their own folly. If trespass will lie for selling personal chattels on a tax illegal by excessive overlayings, *a fortiori* a sale of lands in such case by a collector is void.

The cause being continued *nisi* for advisement, the opinion of the Court was delivered at the succeeding term in *Cumberland*, to the following effect, by

WESTON J. As to the first question made in this action, it having been agitated before the Supreme Judicial Court of *Massachusetts*, and by them solemnly decided upon mature consideration, we do not feel ourselves at liberty to re-examine the grounds of that decision, and to sustain the objections which have been urged against it. Our predecessors felt strongly the equity of the case made by the tenant, and manifested a disposition to have supported his title, had not the pressure of legal authorities constrained them to a different course. If the principle, *stare decisis*, properly actuated them, we certainly have additional motives, arising from their decision, for yielding to its authority.

But the tenant now relies upon another title, arising from a collector's sale. This was made for the non-payment of five distinct taxes, committed to him for collection. The only objection urged at the trial against this title was, that in one of the taxes, namely, the school tax, the overlayings exceeded, by the sum of ten dollars and thirteen cents, the amount of five *per cent.* authorized by law. This objection was deemed, by the Judge who presided at the trial, fatal to the tenant's title ; and whether it was so or not, is the question now presented.

The counsel for the tenant relies principally upon the authority of the case of *Colman v. Anderson*, 10 *Mass.* 115. but the assessment there objected to was made prior to the statute limiting the overlayings to five *per cent.* Anterior to this statute a practice had arisen, which had been universally acquiesced in, to exceed in the aggregate of the assessments, the entire amount authorized ; partly to obviate the perplexity to which assessors were subjected in consequence of the fractions arising in the assessment of taxes upon the polls and estates of the inhabitants of the respective towns, and partly to meet abatements or mistakes, and to insure the collection of the whole sum ordered to be assessed. With a view to sanction and to limit this discretion, the legislature at length interposed ; and gave to assessors a latitude fully adequate to enable them to discharge

with ease the duties imposed upon them. To suffer them to ex-
ceed this limit, would be to subject the citizens to the payment
of taxes, to the imposition of which they had never assented,
and to create uncertainty in their amount, in violation of the
manifest provisions of the statute. And it has been expressly
decided that " the assessing more than five *per cent.* above the
sums voted by the town to be raised, makes the assessment ille-
gal and void." *Libby v. Burnham et als.* 15 *Mass.* 144.

Upon the authority of this case also, the proceeding to make
sale of the land in question, for the non-payment of all the tax-
es, renders the sale void, notwithstanding the assessment of a
part of them is not liable to objection.

We are therefore of opinion that the jury were properly di-
rected at the trial ; and that there must be

*Judgment upon the verdict.*

*Note.* The Chief Justice, having formerly been of counsel with the defend-
ant, did not sit in this cause.