Putnam J.
delivered the opinion of the Court. We shall consider in the first place, whether the officer made a false return. He stated that he had duly advertised the time and place of the sale ; and upon reference to the advertisement, it appears that the place of the sale was not specially designated.
The St. 1798, c. 77, § 4, [Revised Stat. c. 73, § 39,] touching the manner of selling rights in equity of redeeming real estate mortgaged, provides that the officer “ shall give notice in writing of the time and place of sale, to the debtor,’’ and public notice “ of the said time and place of sale, by posting up notifications thereof,’’ and he “ shall cause an advertisement of the time and place of sale to be published in some public newspaper.’’ And that if the estate “ shall not be disposed of .at the time and place appointed,” the officer may adjourn the vendue. The place of sale is mentioned in connexion with the time of sale, four times in this section ; and it is most manifest, that the legislature intended that the officer should strictly comply with the requisitions touching the one as well as the other. “ Every thing essential to a title under the statute ought to appear of record ; ” Wellington v. Gale, 13 Mass. R. 488 ; and is not to be collected by inference, from extraneous facts.
It has been contended, however, that this return may be supported on the authority of Colman v. Anderson, 10 Mass. R. 115 ; which was a sale for taxes thirty years before the trial, and an objection to its legality was made, because the officer did not give notice of the hour of the day on which the sale was made, but only of the day, which notice was held to be good. But it is to be observed, that if a person desirous of attending the sale had attended at the place of sale the whole day, he might have accomplished his object, and that too without making any other inquiry for information than was given in *565 the advertisement. But a person desirous of attending the sale now under consideration, could not ascertain where the sale was to be made, without inquiring beyond the advertisement. We are all clearly of opinion that the officer made a false return, in returning that he had given notice of the place wheie the sale would be made.
We are next to consider what effects followed from this return. It is conclusive in all questions that can arise between the creditor and debtor, and all persons claiming under either of them. See the cases collected in Big. Dig. Officer, G, pi. 6.[1] So that if the plaintiff had extended his execution upon the same right in equity of the judgment debtor, he could not have controverted the facts stated in the return. He was not, therefore (as has been argued), required to go on and levy and try the title ; which would have resulted in certain loss; but is entitled to recover the damage he has sustained by reason of the misconduct of the officer. If the officer had returned the fact as it existed, referring to the advertisement for particular information, so as to make it a part of his return, the plaintiff might have obtained a satisfaction of his execution by a levy subsequent to that which the officer had made for Ralph Huntington. As the circumstances existed, the remedy which the plaintiff has pursued seems to us to be the proper one.
But it has been contended, that the plaintiff is estopped bj his own representations at the auction sale, to claim any advantage from his attachment. The case cited from 1 Esp. R. 340, Maltby, Assignee of Durouveray, a Bankrupt, v. Christie, is as strong as any to support this point, but not sufficient. The plaintiff was required to prove the bankruptcy of Durouveray, and offered the defendant’s catalogue of the sale of his property stating him to be a bankrupt. The defendant was acting in his own name and behalf, and admitted under his own *566 hand the fact in controversy. The dictum of Lord Eldon, recognised by Sir William Grant, in the note to 1 Pow. on Mortg. 445, is true, as a general remark : That if a representation be made to another person going to deal in any matter of interest upon the faith of that representation, the former shall make it good if he knows it to be false. If the plaintiff had undertaken for himself personally to stipulate that the officer had proceeded legally in regard to the levying of the exe cution, and it had turned out otherwise, he would without doubt be concluded. But in the case at bar the plaintiff acted in his public capacity of auctioneer, and not on his own account. The plaintiff had a right to keep his own secret, touching his attachment; so far at least is certain, that he was not bound to surrender it merely because he was called upon to perform a duty in his official character. What he did and said at this sheriff’s auction, was to be taken by all concerned, as if the officer for whom he was acting had done and said the same things. No deception was practised, no personal representation was made. The sale was conducted in every respect as if it had been in fact made by the officer, without the interven tion of a public auctioneer. Neither the cases cited, nor the reason of the thing, has convinced us that he was called upon to disclose his own private concerns, any more than he would have been if he had attended the sale in case it had been conducted by the officer himself, or by any other public auctioneer.
Besides, the question is not as to the validity of the first sale, which is established by the return, as has been already shown. If, therefore, the sheriff and the plaintiff would be both estopped to disturb the sale, it does not follow that the plaintiff is estopped from showing the defendant’s false return, which is the foundation of this action, and which was the act of the defendant, the plaintiff having had no participation in it. If, therefore, the vendee at the first sale could have estopped the plaintiff, had the sheriff made a true return, it would be nc bar in this action, and could only affect the damages.
The result is, that the judgment creditor, for whom the officer was acting, would have lost his lien upon the property, if the officer had returned the truth. By means of the false re *567 turn the property was secured to his principal, but the effect of that has been to deprive the plaintiff of his legal right to levy upon it. It being admitted to have been sufficient to satisfy the plaintiff’s execution, that must be considered as the measure of damages, with interest from the service of the writ. [1]
The opinion of the Court having been formed upon the grounds before stated, it is not necessary to consider any other of the points which were made in the argument.
The judgment of the Court is, that the nonsuit shall be taken off, and that a new trial shall be granted.

 See Bott v. Burnell, 11 Mass. R. (Rand’s ed.) 165, note a; Estabrook v. Hapgood, 10 Mass. R. (Rand’s ed.) 315, note a) Naylor v. Dennie, 8 Pick. 204; Sias v. Badger, 6 N. Hampsh. R, 393.
The return of an officer on a writ, as to the service of it, is conclusive on the parties in the suit, and cannot be contradicted except in an action against the officer for a false return. Stinson v. Snow, 1 Fairfield, 263. See also American Bank v Doolittle, 14 Pick. 126,127.

 See Whitaker v. Sumner, 9 Pick. 308.