## LACHMAN *et al. v.* CLARK.

AN assessment of property, as "a ranch, commonly known as ' Clark's Ranch,' situated on the Auburn Road, two miles south of Grass Valley, in Nevada County, State of California," is insufficient, and a deed, on a sale under it, is void.

Land outside of a city or incorporated town, must be described by metes and bounds—the number of acres, as nearly as possible, and the locality and township must be given.

*Ferris* v. *Coover*, (10 Cal.) that a tax deed conveys no title unless the law be strictly complied with, affirmed.

APPEAL from the Fourteenth District.

Demurrer to the complaint being overruled, an answer was put in, jury waived, and the cause tried by the Court. After plaintiffs' closed, their case resting on a tax deed, defendant moved for a nonsuit, on the ground, among others, that the deed offered by plaintiffs,' and under which they claim title to the premises in controversy, was insufficient to pass the title, and void.

The question being reserved by the Court for final decision, the motion was overruled.

Subsequently, the Court gave judgment for defendant, on the ground of insufficiency in the description of the property assessed, to pass title under the deed. Plaintiffs appeal.

*F. J. Dunn,* for Appellants.

The assessment is correct, except that it does not comply with a requirement under the 4th Section of the Revenue Act as to description. The exception is as follows : 1. That there are no metes and bounds set forth in the assessment roll; and, 2. That, being outside of a city or village, the number of acres is not given by the Assessor.

The first answer is, that the 4th Section of the Revenue Act, does not define the manner and mode of assessment. It is not the section under which the Assessor acts. "Assessment" is thus defined by lexicographers : "The valuation of property or profits of business, for the purposes of taxation." Then if the assessment roll did not contain the number of acres, defendant can take no advantage of that fact. The 3d Section defines a thing that the Asssessor must do, and that may be done at any time

between the first Monday in March, and the first Monday in August, (see Sections 3d and 5th of the Act,) and, although the assessment may have been made on the first Monday in March, or any day thereafter, between the times aforesaid, the requirements as to description may be made in the assessment roll, under the 4th Section of the Act on the Saturday preceding the first Monday in August, five months after, or in other words, at any time after the assessment is made.   There never could be an assessment roll under the Act, until there was an assessment. The 23d Section of the Act makes the deed conclusive, unless the property was not assessed according to law.   I hold the assessment, under the 3d Section of the Revenue Act of 1857, to be one thing, and the assessment list or roll, required to be furnished by the Assessor, under the 4th Section, to be entirely different.   The 3d Section must be discharged in strict compliance with law, or the tax sale is defective, and that fact is proved. The Assessor failing to comply with any of the provisions of the 4th Section of the Act, would not affect the deed.   A failure to comply with the 3d Section of the Act is, (under the objection to a deed, that the property was not assessed according to law,) the only available section to the defendant, as against plaintiffs' tax deed, in evidence; under that section the Assessor is not bound to give metes and bounds to the land, or specify the number of acres.

Tax titles must be sustained.   (16 Ohio, 24; *Roberts* v. *Carrol*, 3 How. 13.)   As to description.   (Adams on Ejectment, top pp. 25—28, and Notes 1 and 2; *Fauk et als.* v. *Kemp's Lessees*, 5 Harr. & John. 135; *Brooks* v. *Tyler*, 2 Vt. 348; *Carroll's Lessees* v. *Norwood's Heirs*, 5 Harr. & John. 162; *Pickett* v. *Doe*, 5 Sm. & Marsh. 470; *Jones* v. *Porter*, 3 Penn. 132; *Olcott* v. *State*, 5 Gil. 481.)   Uncertainties in description of land in deeds may be supplied by evidence *aliunde*.   (*Commercial Bank* v. *Woodsides*, 14 Penn. 404; *Curry* v. *Hinman*, 11 Ill. 420; *Graves* v. *Burns*, Id. 441; *Tibbetts* v. *Jobb*, Id. 453.)   In Massachusetts, as with us, a copy of the assessment must be returned by the Assessor to the Town Clerk, yet a failure to do so does not vitiate a deed.   (*Blossom* v. *Carmon*, 14 Mass. 177; *Thayer* v. *Stevens*, 1 Pick. 482; *Gynne* v. *Newswhanger*, 18 Ohio, 400.)   It is not necessary in a map to state number of acres.   (*Wells* v. *Batelle*, 11 Mass. 477;

*Chandler* v. *Spence*, 22 Vt. 388.) The quantity of land is not an essential part of description. (*Griffin* v. *Dobson*, 5 How. 228.) Nor is a variance. (*Chambers* v. *Crawford*, 1 Harr. & McHenry, 355.) A general description is good. (*Barkley* v. *Howel*, 6 Pet. 498; *Thomas* v. *Turner*, 1 Harr. & Gil. 435.)

*McConnell & Niles*, for Respondent.

1. The assessment was insufficient. The property is merely assessed as " Clark's Ranch," without a single description, none to identify it or denote its extent and boundaries.

The 4th Section of the Revenue Act requires that land shall be described by " metes and boundaries," and that the township where situated, and the number of acres, shall be given. (*Kelsey* v. *Abbott*, 13 Cal.; *Ferris* v. *Coover*, 10 Id. 632; *Tallman* v. *White*, 2 Coms. 69; *Doughty* v. *Hope*, 3 Denio; S. C. 1 Coms. 79; *Strykes* v. *Kelly*, 2 Denio, 323; *Anderson* v. *The State*, 1 Cushman, Miss. 472; 2 Yeates, Pa. 100; Id. 312; Id. 330.) A sale of unsettled land for taxes, describing it as so many acres of land, held void for uncertainty. (13 Serg. & Rawle, 151; 2 Penrose & Watts, 496; 15 Mass. 144; 1 Pick. 482; 14 Mass. 177; *Johnson* v. *McEntyre*, 1 Bibb, 295; *Green* v. *Craft*, 6 Cush. Miss. 74.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover possession of a tract of land claimed by the plaintiffs under a tax deed executed to them by the Sheriff of Nevada County. The property is described in the deed, as also in the assessment roll, as a ranch commonly known as " Clark's Ranch," situated on the Auburn Road, two miles south of Grass Valley, in Nevada County, and assessed to Joseph Clark, the defendant in this suit.

Section 4th of the Revenue Act requires that land outside of a city or incorporated town shall be described in the tax list or assessment roll by giving its metes and bounds, the number of acres, as near as possible, and the locality and township where it is situated. (Wood's Dig. 615.)

It is well settled that a tax deed will convey to the purchaser no title whatever, unless the requirements of the law have been strictly complied with. (*Ferris* v. *Coover*, 10 Cal. 589.) In this

case there has not been even a substantial compliance. In the description of the property no mention is made of its boundaries, the number of acres, or the township in which it is situated. The assessment was, therefore, insufficient, and all the proceedings under it were illegal and void.

Judgment affirmed.