## CYRUS YOUNG *vs.* LEONARD F. JOSLIN.

A statute provided that " taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable."
*Held,* that this provision was for the benefit of the taxpayer, and was mandatory.
*Capwell* v. *Hopkins,* 10 R. I. 378, explained and affirmed.
A., owning three separate parcels of land in the same town, was taxed for one by distinct

---

[1] By a clerical error the date of the dividend was printed October 6, 1867, in the former opinion in 11 R. I. 573.

assessment and description, and for the other two without any description and without separate assessments. On non-payment of the tax a part of the first parcel was sold for the tax on the three parcels, whereupon A. brought trespass and ejectment against the purchaser.

*Held,* that the assessment and consequently the levy and sale were illegal.

A sale of land for taxes is void unless the land is liable for all the taxes for which it is sold.

TRESPASS AND EJECTMENT. Heard by the court upon an agreed statement of facts. The case is stated in the opinion of the court.

*July* 1, 1882. DURFEE, C. J. This is trespass and ejectment to recover a parcel of land sold and conveyed to the defendant for non-payment of taxes assessed against the plaintiff by the assessors of the town of Scituate. The case is tried to the court, jury trial being waived. The plaintiff seeks to recover on the ground that the taxes were not legally assessed. One of the defects alleged is this : The plaintiff was the owner of three separate parcels of land in the town of Scituate, lying some distance apart. One of these parcels, which had been part of the estate of the plaintiff's father, deceased, was taxed as " father's estate." The other two parcels were taxed together as real estate, without any description. The tax amounts to fourteen dollars, $5.60 being assessed on the first named parcel, and $8.40 on the other two. The land sold was a part of the first named, but was sold for the tax on the three parcels. The statute, Gen. Stat. R. I. cap. 39, § 4, provides as follows, to wit: " Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable." The plaintiff contends that the tax on the two parcels, not described nor designated in any manner, was void for non-conformity with this provision. There can be no doubt that the statute was not complied with, for there is no reason to suppose, and it is not even claimed, that it was impracticable to describe the two parcels separately, so as to identify and distinguish them. The assessment was therefore void, unless § 4 can be regarded as merely directory. That there may be regulations which are to be treated as merely directory is well settled. For instance, regulations intended simply for the assessors, to promote the efficiency of their work, would doubtless be so regarded. Such regulations would affect the taxpayer

only incidentally, if at all. But regulations designed for the benefit or protection of the taxpayer, have a different character. These must generally be strictly observed or the tax will be void. " No one," says Judge Cooley, " should be at liberty to plant himself upon the nonfeasances or misfeasances of officers, under the revenue laws, which in no way concern himself, and make them the excuse for a failure on his part to perform his own duty. On the other hand, he ought always to be at liberty to insist that directions which the law has given to its officers for his benefit shall be observed." Cooley on Taxation, 215. See, also, Blackwell on Tax Titles, *61–*63, and cases cited. *French* v. *Edwards*, 13 Wall. 506, 511. " When lands are to be taken under a statute authority, in derogation of the common law," said the court in *Sharp* v. *Johnson*, 4 Hill, N. Y. 92, 99, " every requisite of the statute having the semblance of benefit to the owner must be strictly complied with." What, then, was the object or purpose of the regulation prescribed by § 4 ? Was it intended to promote the efficiency of the assessment only, or likewise to benefit or protect the taxpayer ? One purpose doubtless was to render the tax in some effectual manner specific, so that the estate could be held for it under § 8, even though the estate should by mistake be assessed to a person not the owner. If this were the only purpose, it would be doubtful whether it could be said to concern the taxpayer. But the regulation is obviously useful for other purposes beneficial to the taxpayer, and being useful for them, must be taken to have been intended to promote them. It enables the taxpayer to know at once what real estate has been assessed to him, and how the tax has been apportioned among the several portions of his real estate. This is knowledge which is or may be of great advantage to him. For, if he is taxed for real estate which does not belong to him, it informs him at once of the fact, and furnishes him with conclusive proof thereof in the record itself. Whereas, if he were taxed generally for real estate without any description of it, he might, without suspecting it, pay taxes upon real estate which he did not own, or, if he did suspect, might find it difficult to verify his suspicion. Again, the owner of different estates may have contracts with his tenants that they shall respectively pay the taxes on the estates which they occupy. It

would be difficult, perhaps impossible, to fulfil or enforce such contracts effectually, if the regulation were not observed. And doubtless there are other advantages which might accrue to the taxpayer from an invariable observance of the regulation, which would be lost or impaired if it were disregarded. See *Hayden* v. *Foster*, 13 Pick. 492, 496.

Blackwell, in his book on Tax Titles, states the law as follows, to wit : " When one owns several tracts or parcels of land they must be listed and valued separately, else the proceedings will be void." He cites particularly *Shimmin* v. *Inman*, 26 Me. 228; *Willey* v. *Scoville's Lessee*, 9 Ohio, 43 ; *Terrill* v. *Groves*, 18 Cal. 149. And Judge Cooley, in his book on Taxation, p. 280, says : " When the two parcels are owned by the same person, if the statute requires a separate assessment, obedience to the require- ment is essential to the validity of the proceedings. It cannot be held in any case that it is unimportant to the taxpayer whether this requirement is complied with or not." Judge Cooley fortifies the text of his treatise by a copious citation of cases, too many of which, however, it must be confessed, contain rather corroborative indications than decisions which are directly in point. Indeed in a matter which is so dependent on statute, and in which the stat- utes of the several states are so variant, it is vain to attempt to educe a rule founded in reasons which are everywhere prevalent or everywhere identical. The courts of the different states, in such matters, must each construe their own statutes very much for themselves, resorting to the adjudications in other states for aid rather than authority. Construing our statute so, relying upon reasons which commend themselves to our minds as enlightened by the decisions of other courts, we have come to the conclusion that the regulation prescribed by § 4 in regard to separate descrip- tion and valuation must be regarded as mandatory, where there are no circumstances which go to excuse its non-observance, or to render it impracticable. In addition to the cases before mentioned, we cite, in support of this conclusion, *Kelsey* v. *Abbott*, 13 Cal. 609; *Lachman* v. *Clark*, 14 Cal. 131; *People* v. *Hollister*, 47 Cal. 408, 411 ; *Nason* v. *Ricker*, 63 Me. 381 ; *Greene* v. *Lunt*, 58 Me. 518, 533 ; *Cruger* v. *Dougherty*, 43 N. Y. 107; *Green* v. *Craft*, 28 Miss. 70.

Our attention has been drawn to *Capwell* v. *Hopkins,* 10 R. I. 378, in which Chief Justice Brayton, delivering the opinion of the court, and referring to § 4, said, " This provision, from the language in which it is expressed, was evidently not intended to be imperative, and to require all the parcels of a person's estate to be separately assessed and described under all circumstances." The remark, though it may doubtless be thought to imply more, cannot, we think, be held to have meant more than the provision itself obviously imports, namely, that it was not designed to be imperative under all circumstances. It is not thence to be inferred that it was intended to be merely directory under all circumstances, or to say the same thing in other language, that it was not intended to be imperative under any circumstances. In *Capwell* v. *Hopkins* the taxpayer was the owner of two lots, only one of which was assessed, the other being neither described, valued, nor assessed, the assessors being ignorant that he owned it. The court decided that the tax on the one lot was not invalidated by the omission to describe and value the other. The decision was unquestionably correct, and under it, in the case at bar, it results that the invalidity of the tax on the two parcels, which were neither described nor valued separately, does not vitiate the tax on the other parcel, but that the tax on the other parcel is valid, if the parcel is duly described.

Our conclusion is that the tax on the two parcels, which were neither described nor valued separately, is void, and consequently that the sale of the plaintiff's land to satisfy it, and the deed conveying the land to the defendant, are likewise void. For a sale of land for taxes is wholly void unless the land be liable for all the taxes for which it is sold. Blackwell on Tax Titles, \*280, \*281 ; *Elwell* v. *Shaw,* 1 Me. 339 ; *M'Quilkin* v. *Doe,* 8 Blackf. 581 ; *Bucknall* v. *Story,* 36 Cal. 67.

       *Judgment for the plaintiff for possession, with costs.*

   *Walter H. Barney,* for plaintiff.

   *Hopkins & Potter,* for defendant.