WILLIAM K. REED *v.* THOMAS SPICER AND DANIEL SPICER.

DESCRIPTION OF LAND IN A DEED.—If a deed recites two descriptions of the property conveyed, one of which sufficiently identifies the property, while the other is false in fact, the false description should be rejected as surplusage.

DEED OF A DITCH.—A deed conveying a right of way upon land, in, to, and for a ditch called the Mountain Brow Ditch, is a conveyance of the ditch itself.

A DITCH NOT AN EASEMENT.—A ditch used for the conveyance of water for mining purposes is not a mere easement or incorporeal hereditament.

SALE BY TENANTS IN COMMON.—If two persons own a tract of land as tenants in common, and one of them conveys to a third person a ditch crossing the same, and the other afterwards conveys to another third person the same ditch, the deeds are valid conveyances as between the parties, and the persons to whom the conveyances are made become tenants in common in the property.

STATUTE OF LIMITATIONS—MEXICAN GRANT.—The Statute of Limitations does not commence to run, with regard to lands held under a Mexican or Spanish grant, until a patent for the same has been issued by the Government of the United States.

APPEAL from the District Court, Thirteenth Judicial District, Stanislaus County.

The facts are stated in the opinion of the Court.

*Coffroth,* and *Spaulding,* for Appellants.

The first ground of objection was " that said deed did not convey any interest in the land in question, nor any easement therein, but merely an interest or easement in certain lands belonging to defendant Spicer."

It is true that in the description of the thing granted, the words occur : "All the right of way in and upon the land owned by the said party of the second part." This may have been a verbal error, or it may have been a mistake of the parties as to their legal rights. In either case it is immaterial.

The palpable mistake of a word will not defeat the manifest intention of the parties. (Dougl. 384.)

The property is described in the deed by a certain name. This is sufficient. (*Castro* v. *Gill,* 5 Cal. 42 ; *Stanley* v. *Green,* 12 Cal. 166.)

There can be no mistake as to the intention of the parties to this deed.

In the *habendum* of the deed Haley conveys to Spicer " all the estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the *said party of the first part,* of, in, or to the above described

premises, and every part and parcel thereof, with the appurtenances."

The office of the *habendum* is properly to determine what estate or interest is granted by the deed. (2 Black. Com. 298.)

In this case all the interest of the grantor passed. The mistake or ignorance of any of the parties to a conveyance of their rights in the estate will not render the deed void. (Sugden on Vendors, Vol. II, p. 514; *Storrs* v. *Baker*, 6 John. Ch. 166.)

The Court erred in excluding the oral testimony offered by defendants, to wit: "That the defendants, and those from whom they deraign title, had constructed said ditch in 1856, and had ever since held the same adversely to the plaintiff and his grantors."

The objection to this evidence was, "that the patent had only issued in 1863, and from that time alone did the Statute of Limitations begin to run."

The plaintiff in this case seems to have proceeded upon the theory that fee simple titles to real estate and easements are governed by the same laws, or, at least, that the Statute of Limitations applies in the same manner to one as to the other. The law of easements, as applied to running waters, (the *aquæ ductus* of the civil law,) must govern and control the case at bar.

All easements are things incorporeal, mere rights, invisible and intangible. (*Bowen* v. *Team*, 6 Rich. 298; *Kowbotham* v. *Wilson*, 8 Ellis & B. 123; Wash. on Easements, 18.)

The grant by which an easement is created may be evidenced in several ways. It may always be done by the production of an existing deed. So it may be by prescription or long enjoyment of the easement claimed.

So the law often regards the *enjoyment* of an easement as evidence that a deed once existed, and gives to this presumption the same effect in establising a title as if the deed were produced. This mode of treating the enjoyment of an easement, as evidence of a title to the same by deed, has taken the

place in modern practice of the ancient doctrine of prescription. (Wash. on Easements, 19.)

In such cases, in the language of Lord Mansfield, "not that the Court really thinks a grant has been made, but they presume the fact for the purposes, and from the principle of quieting the possession." (*Eldridge* v. *Knott*, Cowp. 214.)

*H. P. Barber,* for Respondent.

Whether the property was conveyed to plaintiff by tenants in common or not, makes no difference, as one tenant in common is entitled to hold the *entire* property against all the world, except his co-tenant; and unless the defendant, Spicer, can show himself a co-tenant, he has no defense. (*Touchard* v. *Crow*, 20 Cal. 150.)

The deed conveys no interest whatever to Spicer in any property owned by Haley. Appellant *assumes* this was a mistake. Suppose Haley had held a lease from Spicer of this land, and gave him the deed to enable him to construct a ditch over the land so leased, would there have been any mistake in this deed?

It will be remembered defendant merely offered the *deed* in evidence—no offer whatever was made to show that there was *any* mistake in it. The deed itself evidently conveyed no right of way over any lands owned by Haley, and the Court was right in rejecting it. Errors and mistakes in deeds must be corrected in equity. They cannot be corrected, collaterally, in a Court of law. (*Cameron* v. *Irwin*, 5 Hill, 272; *Leavitt* v. *Palmer*, 3 N. Y., 3 Comst., 19; Adams' Equity, 4 Am. ed. 382, 387.)

Defendant's *entire* title to the right of way, claimed by him, is founded on this deed from Haley. Even were the deed valid on its face, it would be ineffective; for one tenant in common does not possess the power to create an easement on the joint property. At the time of the alleged deed from Haley, Stebbins and Haley were tenants in common of the land over which this pretended right of way was granted by

Haley, and his *sole* grant was void. The reason of the rule is obvious. If either tenant in common possessed power to grant a right of way over or create an easement on the common property, he might totally ruin it, as by granting the right to dig a canal or construct a road through it. The principle is expressly laid down in Washburn on Easements, 29 ; 3 Kent's Com. 578, note *a*.

By the Court, SHAFTER, J.

This is an action of ejectment brought to recover the possession of certain premises described as "The Mountain Brow Water Company's Ditch—consisting of dams, ditches, flumes and reservoirs used for mining and irrigating purposes, lying and being situate in the Counties of Calaveras and Stanislaus." Trial by jury—verdict and judgment for plaintiff. The appeal is from the judgment and from the order overruling defendants' motion for a new trial.

It appears from the record that the ditch in question crosses certain two leagues of land which, on the 25th of January, 1860, were owned by Salsbury & Haley and James Phelan, as tenants in common—and certain other lands belonging to one Packard, adjoining the lands first mentioned, on the west. On the aforesaid date Packard conveyed to the plaintiff that part of the ditch which crossed his own land, and ten feet additional on each side of it ; and on the 26th of June, 1862, Phelan executed to the plaintiff a deed purporting to convey that section of the ditch which crossed the two leagues owned by the grantor in common with Haley, with a like selvedge of ten feet on either side. The plaintiff having proven these facts, and shown the defendants in possession, rested his case.

The defendants, in support of the issue on their part, offered in evidence a deed executed by said Haley to Thomas Spicer, one of the defendants, January 25th, 1860. The evidence was objected to, first, on the ground that the deed did not convey, nor purport to convey, any interest in the land in question, but merely an interest or easement in certain lands belonging

to Spicer, the grantee; and, second, on the ground that Haley, being merely a tenant in common of the land, could not grant an easement therein.   The objections were sustained, and the defendants excepted.   The defendants then offered to prove by Spicer that the ditch was constructed in 1856, and that it was constructed by the defendants and those from whom they derived title, and that they had ever since held the ditch adversely to the plaintiff and his grantors.   It being already in proof as a part of the plaintiff's case, that he held under a Mexican grant confirmed under the Act of Congress, and that the patent founded thereon did not issue until 1863, the Court excluded the evidence, on objection of the plaintiff, and the defendants excepted.   These rulings of the Court we are now called upon to review.

1. As to the exclusion of the deed from Haley to defendant Spicer.

By the deed, Haley, the party of the first part, " for and in consideration of one dollar to him in hand paid by the party of the second part (Spicer) remised, released and quitclaimed unto the said party of the second part, and to his heirs and assigns forever, all the right of way in and upon the land owned by the said party of the second part, in, to and for the ditch called ' Mountain Brow Water Company,' together with the privilege of building a dam across Little John's Creek, for the purpose of a reservoir for said ditch.   Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining. And also the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in or to the above described premises, and every part or parcel thereof, with the appurtenances.   To have and to hold," etc.

The interest intended to be conveyed is, literally, a " right of way."   There are two independent descriptions of the way ; first, by name—" a way to, in and for the ditch called Mountain Brow Water Company ;" second, by indicating the land which the way crosses, viz : " land owned by Spicer."

It is clearly shown by the record, and counsel on both sides admit, the second description to be false. If false, the description should be rejected. (Broom's Maxims, 490.) In the case of a lease of a portion of a park, described as being in the occupation of S., and lying within certain specified abuttals, with all the houses, etc., belonging thereto, "which are now in the occupation of S.," it was held that a house within the abuttals but not in the occupation of S. would pass. (*Doe d. & Smith* v. *Galloway*, 5 B. and Ad. 43 ; *Beaumont* v. *Field*, 1 B. & Ald. 247.) The ditch is spoken of in the deed as a ditch then existing. Its *termini* and branches are set forth in the complaint, and the disseisin alleged comprehends the whole of the ditch, branches included. Stakes, the surveyor, called by the plaintiff, testified that "the property described in the complaint was located in part on the two leagues owned by Phelan and Haley, and in part upon the three and a half leagues to the west, owned by Packard; and this was the only testimony upon the subject. Nor was there any evidence in the case showing that there was any ditch in the Counties of Calaveras and Stanislaus known as the "Mountain Brow Ditch Company," other than the one crossing the lands above mentioned. The deed then does not present the case of two descriptive phrases, one of which by restraining or narrowing the larger scope of the other, makes it more specific—both amounting to but one description in legal effect; but instead thereof, the deed, when read in the light of the *res gestæ*, presents the case of two descriptions, independent and detached, one of which goes upon a matter of fact which the proof of the plaintiff shows had no existence at the time when the deed was executed.

As to the second objection to the admissibility of the deed, it was not in our judgment well taken. Substantially the conveyance was of the ditch, for there can be no distinction taken between a "right of way in a ditch" or "for" an existing ditch, and the ditch itself. The argument of the respondent proves too much; for if a mining ditch is to be regarded as a mere easement, or incorporeal hereditament, it would fol

low that this action could not be maintained. But passing this, we do not consider it necessary to inquire as to the effect of a deed executed by one tenant in common of all his interest in a given part of the common property, or of some estate therein of a quality inferior to his own. That question does not arise on this record. Assuming the fact which the rejected deed would have established had it been admitted, Haley, one of the tenants in common of the ditch, conveyed all his interest in it to defendant Spicer in 1860, and Phelan conveyed all his interest in it to the plaintiff in 1862. The parties to this suit then are tenants in common of that portion of the ditch crossing the two leagues, if the validity of both deeds be assumed; but if the deed under which the defendants claim from one of the tenants in common be held as invalid for the reason that the co-tenant was not a party to it, then the deed under which the plaintiff claims must be void by parity of reasoning, and the plaintiff is out of Court. But the deed of Haley to Spicer is good as between the parties to it, and so as to the deed from Phelan to the plaintiff. Phelan might have avoided the deed of his co-tenant to Spicer, (1 Hill. R. P. 585,) and so could the plaintiff if he had succeeded fully to Phelan's rights. But he has not. Phelan and Haley are still tenants in common of the two leagues, less the ditch. Haley has conveyed his interest in the ditch to Spicer, and Phelan has conveyed his interest in it to the plaintiff. The respective grantors have co-operated in withdrawing the ditch from the operation of the common title, and as between the two neither can now be considered as having conveyed against the will of the other. The conveyance by Phelan was all that was wanting to make Spicer's title perfect, and the prior conveyance by Haley to Spicer was the very fact which put it in the power of Phelan to make a perfect title to the plaintiff. As neither of the grantors can now question the action of the other, their respective grantees cannot do it. As between themselves, they are what the several but co-operative deeds of Phelan and Haley have made them, viz: tenants in common of the ditch and its branches. (*Stark* v. *Barrett*, 15 Cal. 368; 1

Wash. on R. Prop. 417.) Therefore the deed of Haley to Spicer should have been admitted.

The evidence of the defendants offered in support of the plea of the Statute of Limitations was properly excluded, for the statute began to run only from the issuing of the patent, January 31, 1863. (*Richardson* v. *Williamson et al.*, 24 Cal. 289.)

Judgment reversed and cause remanded.