No. 2,225.

THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, *v.* THE SIERRA BUTTES QUARTZ MINING COMPANY *et al.*, Appellants.

Assessment Roll.—Arrangement of Columns and Headings.—An assessment roll, in which the columns are arranged in a different order, or under different headings, from the form given in Section 20 of the Revenue Act of 1861, may, nevertheless, be a substantial compliance with all the requirements of that section and valid.

Idem.—Name of Tax-Payer.—An assessment roll, in which the name appears in the proper place and column, is not invalid because the name extends beyond the line of that column, nor because there is a slight discrepancy in the name— the name given being sufficiently accurate to indicate the person intended.

Idem.—Valuation of Personal Property and Improvements on Real Estate. An assessment of personal property and improvements on real estate, assessed to a person other than the owner of the real estate, which does not separately value and set down in separate columns the values of the different parcels and descriptions of property, is not in compliance with the revenue laws, and therefore invalid.

New Trial.—A new trial is not necessary where all the necessary facts are found upon which to base a judgment, and a mere computation is required to ascertain the amount for which judgment shall be entered.

Appeal from the District Court of the Tenth District, Sierra County.

The fourth finding of the Court, so far as it relates to the form of the assessment roll, is to the effect " that the only entry in said book, or in any book or assessment roll for the fiscal year of 1868, relating to the property described in said complaint, or which is alleged by plaintiff to refer, or in any way apply to the Sierra Buttes Quartz Mining Company, is in the form and in the words and figures following, omitting the description of property:

(T.)

| Butte Township. Tax Payers' Names. | Road Poll. | Enroll't of Militia. | State Poll. | LOCATION OF PROPERTY. | VALUE PERSONAL. | VALUE REAL. | Val. Imp. on Land. | TOTAL VALUE OF PROPERTY. | STATE TAX. | COUNTY TAX. | TOTAL TAX. | CREDIT. | DOGS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Am't Forward. | | | | | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| SierraButtes F. Ries. | Qu ar Su p | M A | tz t. | ining Company. Sierra Buttes | 40,000 | 260,000 | | 300,000 | 3000 00 | 5400 00 | 8400 00 | | |

The other facts are stated in the opinion.

*P. Van Clief,* for Appellants.

*Chas. E. Filkins, D. H. Cowden* and *Jo Hamilton,* Attorney General, for Respondents.

TEMPLE, J., delivered the opinion of the Court, SPRAGUE, J., WALLACE, J., and RHODES, C. J., concurring:

This is an action for the collection of delinquent taxes in Sierra County. The plaintiff recovered judgment, and this appeal is from the judgment, no motion having been made for a new trial.

Numerous objections are made to the assessment for irregularity, most of which, however, are not difficult of solution. The twentieth section of the Revenue Act of 1861 expressly provides that the assessment roll shall be substantially in the form given in that Act, and there can be no question that an assessment roll, in which the columns are arranged in a different order from the form given, or which have different headings indicating the contents of the columns from those there found, may, nevertheless, be a substantial compliance with all the requirements of that section. And such, we think, is the form used by the Assessor of Sierra County, as shown in this case—so far, at least, as could possibly

DESCRIPTION·OF·PROPERTY.

affect the assessment in question. In the connection in which the words are used, there is no ambiguity in the phrases " value personal " and " value real;" and although when taken in connection with some of the requirements of the revenue laws, the phrase " value of improvements on land " may be somewhat ambiguous; yet, as no values are placed in that column against these defendants, they are not injured thereby.

We think the objection that the name of the corporation defendant is not found in the proper column, under the head of " Tax-payers' Names," because some portion of the name extends beyonds the line of that column, is hypercritical. The name is found in the proper place, is easily read and the circumstances creates no confusion or trouble. If such objections were fatal, very few assessments would be held valid.

It is objected that the property in question was not assessed to the person, firm, corporation, association or company owning or having the possession, charge or control thereof, or to an unknown owner, as required by the revenue law, and therefore there was no valid assessment. The fact upon which this objection is founded, is, that the property is assessed to the Sierra Buttes Quartz Company, when the real name of the corporation defendant is, and

was, the Sierra Buttes Quartz *Mining* Company. The omission of the word "mining" from the corporate name is supposed to be fatal to the assessment.

It is alleged in the complaint that the defendant was intended by the Sierra Buttes Quartz Company, and it is found by the Court that the office of the company was in San Francisco; that, in making the assessment, the Assessor went upon the premises and made particular inquiries for the name of the corporation which was in possession and claimed to own the mine, and was told by Ries, the Superintendent of the mine and works, and by Farish, the bookkeeper at the mine, that the name was the "Sierra Buttes Quartz Company;" and, after making other inquiries as to the name of the corporation, he assessed the property to the defendant by the name given, believing it to be the true name. The corporation also appeared before the Board of Equalization and complained of the assessment as too high, and the Board thereupon deducted the sum of $150,000 from the valuation of the mine.

It is evident that the Assessor performed all that the statute enjoins upon him in the way of diligence in ascertaining the name of the defendant as a tax-payer of the county; and where this is done, we do not think the assessment should be considered a nullity because of a slight discrepancy in the name—the name given being sufficiently accurate to indicate the person intended, especially where, as in this case, the error was occasioned by the representation of the agent of the owner, such agent having the actual possession of the property, and therefore being the proper person to whom the Assessor should apply for the information. It is well settled that the omission of a part of the name of a corporation, when the name consists of several words, if the corporation intended can be identified, will not vitiate a grant made to, or an act done by, such incorporation; much less ought such a discrepancy to have fatal effect when the name is to be ascertained by a public officer, who relies upon their own representations. (Angell and Ames on Corporations, Sec. 99; *Newport Mec. Man. Co. v. Starbird*, 10 N. H. 123; *People v. Potter*, 35 Cal. 110; *First*

*Parish* v. *Cole*, 3 Pick. 232; *Inhabitants* v. *String*, 5 Hals. 323; *Dauphin Turnpike Road* v. *Meyers*, 6 S. & R. 12.)

The objection to the sufficiency of the description of the real estate depends mainly upon the same misnomer; but as to that, the objection is still more untenable, for if it were proven on the trial, as we may presume it was, that the company was commonly known by that name, the description would be held complete, whatever the real name might be. The description appears to be perfect in other respects.

The only other objection to the assessment which we deem it necessary to notice is, that the different parcels of property are not separately valued. In the columns for the values of personal property there is a single entry, and that is $40,000. In the column for the values of real property there is also a single entry, to wit: $260,000. In the column headed "description of property," which occupies the whole of the right hand page of the assessment roll, there is the entry, "mining implements, cars, tools, iron and steel and supplies, $2,000." Then follows a description of a flume or ditch, and after it the figures $16,000. Then follows the description of two quartz mills, and after them the figures $22,000. Then follows the description of the mine of the defendant corporation, which consists of a certain ledge or lode. After this description are the figures $410,000. No land or real estate is described other than this mine, unless the improvements mentioned are such. It must be presumed that the improvements are on land not assessed to the corporation, for no land is assessed to them, and by the statute the assessed value of this property should be placed in a separate column, specially devoted to such property; and there is no doubt that the different parcels should be separately valued; as, for instance, the ditch and flume should have been valued by itself, and not with the mills, and also separately from the personal property mentioned. We cannot take the figures following these items as the valuation of what precedes them, for there is nothing to show that they were intended to represent the assessed value of such property, and the statute has provided that the values shall be in separate columns, and such values as are given

are expressed in other columns in this assessment roll. The statute mentions improvements on land as personal property, though providing that in the assessment roll its value shall be placed in separate columns. The Assessor has doubtless classed these improvements as personal property, and has placed in the column devoted to such property the aggregate value of all. This is not a compliance with the revenue laws, and the assessment to this extent is invalid.

The same objection, however, does not exist to the assessment of the real estate. But one piece of property is described which is properly assessable as such. This is a ledge or lode, and cannot be supposed, therefore, to include the improvements. But one valuation of real estate is found in the assessment roll, and that must necessarily apply to the only piece of real estate described. There can, therefore, be no ambiguity in this part of the assessment. We, therefore, think the assessment valid as to the real estate.

The certificate of the Assessor to the assessment roll seems to be all that is required by the statute, and there was, therefore, no error which could injure the defendants in admitting the testimony of the witness, Crockett. We do not understand the object of the evidence, however, to have been to identify the assessment roll, but to call the attention of the witness to the matters about which he was to be examined.

The assessments in the complaint in regard to the action of the Board of Equalization were proper to explain the. alterations made in the assessment.

A new trial will not be necessary in this case, as all the necessary facts are found upon which to base a judgment, and a mere computation is required to ascertain the amount for which judgment should be entered.

The cause is remanded, and the Court directed to modify the judgment in accordance with this opinion.

Crockett, J., expressed no opinion.