[No. 3,400.]

## PEOPLE v. BOGART et al.

Usurpation — Quo Warranto. — The use of an abbreviated corporate name by the officers of a corporation organized under a particular name, is not a usurpation, nor will it support a proceeding by quo warranto to oust them from the enjoyment of their franchise.

Appeal from the District Court of the Fourteenth Judicial District, County of Placer.

The plaintiff, *ex rel.* the Attorney General, commenced this proceeding in May, 1871, to oust "the Ophir Copper, Silver, and Gold Mining Company, of Placer County, California," from the enjoyment of its franchise, charging in the complaint that under the name of the "Ophir Copper, Silver, and Gold Mining Company" the defendants had usurped and intruded into certain corporate franchises and corporate powers which they had no right to exercise under that name. The answer denies all the material averments of the complaint, and sets up in defense the performance of the acts necessary to be performed to create a corporation in accordance with law.   It also avers the real name of the corporation to be the "Ophir Copper, Silver, and Gold Mining Company, of Placer County, California."   It appeared from the minutes of the company's meetings, which were offered in evidence, that the corporation was sometimes styled in

its proceedings the " Ophir Copper, Silver, and Gold Mining Company, of Placer County, California," and sometimes called the " Ophir Copper, Silver, and Gold Mining Company."

Judgment was rendered for the defendants, and the plaintiff appealed—a new trial having been denied.

*Hamilton*, for Appellant.

*Tuttle*, for Respondents.

By the COURT:

If the officers of a corporation organized under a particular name, in the exercise of its franchises use an abbreviation of that name, it is not a usurpation, nor will it support a proceeding by quo warranto upon the part of the people to oust them from the enjoyment of those franchises. (*People v. Sierra Buttes Q. M. Co.*, 39 Cal. 514, and cases there cited.)

Judgment and order affirmed.