[No. 3,501.]

## THE PEOPLE *v.* J. H. HOLLISTER.

ASSESSMENT OF LAND.—When several parcels of land are assessed to the same person, they must be separately valued, and the value of each parcel must be placed in the column under " Value of Land." It is not sufficient to place the valuation of each parcel in the column under " Description of Property," and the total valuation in the column under " Value of Land."

APPEAL from the District Court, First Judicial District, County of San Luis Obispo.

The following is a copy of the assessment as made by the Assessor:

| NAMES. | Township | Description of property. | No. of acres | Value of land | Value of improvements | Total value |
|---|---|---|---|---|---|---|
| J. H. Hollister ... | .... | 3,166 acres of land, known as the Chorro Rancho, @ $4 00—$12,664 00 ........ 4,389 acres of land, part of San Luissito Rancho, @ 4 00—$17,556 00 ........ 900 acres of land. part of Corral de Piedra Rancho, @ $4 00—$3,6.0 .......... Improvements, $1,200 .... | 8,455 | $ 33,320 00 | $ 1,200 | $ $35,020— |

The three tracts of land were separate and distinct.
The other facts are stated in the opinion.

*William J. Graves* and *Walter Murray,* for the Appellant Hollister.

The assessment is radically defective. There are three parcels of land. Each should have been separately assessed. Section 20, of the Revenue Law of 1861 (2 Hittel, 6169), provides: "It shall be the duty of the Assessor to prepare a tax list, or assessment roll, alphabetically arranged in the book or books furnished him by the Board of Supervisors for that purpose; in which book or books

shall be listed or assessed all the real estate, improvements on real estate, improvements on public lands, and other personal property within the limits of the county, and in said book or books he shall set down in separate columns:

1. "The name of the taxable inhabitants, &c."

2. "All real estate and improvements taxable to each inhabitant, &c. described by metes and bounds, or by common designation or name, &c."

3. "The cash value of the real estate and the improvements thereon."

These provisions clearly point to the making of a list by the Assessor of all property, and the separate valuation of each parcel; but the sixth subdivision of the same section. (vide *People* v. *Sneath* & *Arnold*, 28 Cal. p. 612) dispenses with this so far as personal property is concerned, and makes the gross valuation of all that class of property sufficient; thereby lending force, if any were needed, to the injunction to separately list and assess all real estate.

The learned counsel for the plaintiff in the Court below, while admitting seemingly the correctness of our position as to the law on this subject, endeavor to make it appear that there is no gross assessment, but that each parcel of land is valued separately. This pretension is attempted to be founded upon the ambiguous manner of describing the property attempted to be assessed in the column of the assessment roll headed "Description of Property." Referring to that we find 3,166 acres of land, known as the Chorro Rancho, @ $4.00, $12,664.00; 4,389 acres of land, part of San Luisito Rancho, @ $4.00, $17,356.00; 900 acres of land, part of Corral de Piedra Rancho, @ $4.00, $3,600. Against all these, there is in the column "No. of Acres," 8,455, and in the column "Value of Land," $33,820.00. Then in the column "Description of Land," we have "Improvements," and in the column "Value of Improvements," $1,200. These lands being distinct and separate tracts each should have been valued in the appropriate column, and the taxes against each should appear separately from those against others. But the plaintiffs contend that the figures $4.00, appearing in the description of property, in

two instances, and $4.00 in another, render the valuation of each parcel definite. But the trouble is, there is no meaning to these figures in the place where they are found, and in themselves they form no valuation as the law requires. We have seen that the statute has provided a separate column for the valuation placed by the Assessor on each individual tract, and in the case of the *People* v. *Sierra Butte Q. M. Co.*, 39 Cal. 115, this Court holds that figures like these in this assessment, following the description in the column of descriptions, cannot be taken as the valuation of what precedes them, for, says the Court: "There is nothing to show that they were intended to represent the assessed value of such property, and the statute has provided that the values shall be in separate columns, and such values as are given are expressed in other columns of the assessment roll." (*Vide* Rock on Tax T. 146, 7 and 8; *Shimin* v. *Inman*, 26 Me. 228; *Willey* v. *Schoville*, 9 Ohio 43; *Atkins* v. *Hineman*, 2 Gilman, 443.)

John L. Love, Attorney-General, for The People.

Defendant's counsel contend that as the value of each tract is not placed in the column headed "Value of Land," it goes for nothing, the assessment as to it is void, and cites *Terrill* v. *Graves*, 18 Cal. 149, in which case the Court held that an assessment in gross of several city lots, was not a legal assessment. That is not at all like this case. The description and value of each tract is set down in the assessment in this case, but not in the proper column.

It seems that the objection of counsel that the values of the ranchos are not stated in their proper column, is hypercriticism. The description runs in columns "Des. of property," "3,166 acres of land, known as the Chorro Rancho, at $4—12,664; 4,389 acres of land, part of San Luisito Rancho, at $4—$16,556; 900 acres of land, part of Corral de Piedra Rancho, at $4—$3,600;" and in column "value of land" the figures "$33,820." The gross amount of taxes was also placed in another column; the tax on the several pieces of real estate not being stated separately anywhere in

the assessment roll. In *People* v. *Sierra Buttes Quartz Mining Co.*, 39 Cal. 513, Justice Temple says: "We think the objection that the name of the corporation defendant is not found in the proper column under the head of 'Taxpayers' names,' because some portion of the name extends beyond the line of that column, is hypercritical."

The same remark, we think, is true of the objection here.

By the Court, RHODES, J.:

Action to recover delinquent taxes. In the column of the assessment roll, under the head of "Description of property," are the following entries: "3,166 acres of land known as the Chorro Rancho, at $4—$12,664; 4,389 acres of land, part of the San Luisito Rancho, at $4—$17,556; 900 acres of land, part of Corral de Piedra Rancho, at $4—$3,600; improvements $1,200." In the column headed "Value of land" is the entry, $33,320. The Court gave judgment for the plaintiff for the taxes upon the first two tracts of land, at the valuation of $12,664 for the first tract and $17,556 for the second tract. Both parties have appealed from the judgment. In *People* v. *Sierra Buttes*, 39 Cal. 511, the assessment roll contains, in the column headed "Description of property," an entry "Mining implements, cars, tools, iron and steel and supplies, $2,000;" then a description of a ditch and flume, followed by the figures, $16,000; then a description of two quartz mills, followed by the figures $22,000. In the column headed "Value of personal property" there was the entry of the figures $40,000. It was held that the different parcels of personal property should have been separately valued; that the figures following those several parcels could not be taken at their valuation, because the statute required the values to be entered in the column provided for that purpose; and that therefore the assessment of those parcels of property was void. The doctrine of that case is decisive of the question presented by the record now before us.

Mr. Justice CROCKETT dissented.

Mr. Justice McKINSTRY did not express an opinion.