[Civ. No. 2387.    Third Appellate District.—January 5, 1922.]

D. W. LEWIS, Respondent, v. TULARE RECLAMATION DISTRICT No. 749 et al., Defendants; J. J. SPITZER, Appellant.

[1] CERTIFICATE OF SALE—NONPAYMENT OF RECLAMATION DISTRICT ASSESSMENT—INSUFFICIENT DESCRIPTION OF LAND.—A certificate of sale of land for nonpayment of a reclamation district assessment is fatally insufficient where the notice of sale, set out in the certificate, describes the land as the "southeast quarter of section 21" and the certificate recites the land sold as the "southeast quarter of section 27," since the rule as to parol evidence of descriptions in conveyances between individuals is inapplicable to such a statutory proceeding.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gregory & Goodell and D. Hadsell for Appellant.

J. L. C. Irwin for Respondent.

FINCH, P. J.—January 8, 1917, Geo. E. Mercer, whose residence was at Bowling Green, Ohio, was the owner of the southeast quarter of section 27, township 21 south, range 21 east, Mount Diablo base and meridian, within the boundaries of defendant Reclamation District, Kings County. On that day the trustees of the district ordered that an installment of twenty per cent of an assessment theretofore made be paid on the twentieth day of February, 1917. Notice of the order was duly published according to law and a copy of the notice was mailed to Mercer, but he did not receive it. February 21, 1917, the secretary of the board signed a notice of sale of said land, and other lands, to be made August 15, 1917, and the notice was thereafter published as required by law, commencing April 6, 1917. Mercer's land was sold at the time stated in the notice to defendant Spitzer for the sum of $16.50 and the trustees thereupon executed and delivered to Spitzer a certificate of such sale. The certificate sets out the notice of sale in full

in which the description of the land in question is as follows:
"Tract No. 40. Southeast quarter of Sec. 27, T. 21 S.,
R. 21 E., containing 160 acres, assessed to Geo. E. Mercer."
The number of the tract given in the description is its
number on the assessment-roll. The certificate recites that
at the sale the trustees sold to Spitzer tract number "40,
being . . . the southeast quarter of section 21, T. 21 S.,
R. 21 East, M. D. B. & M." The certificate was recorded
September 24, 1917, in the record of certificates of sales in
the office of the county recorder. November 7, 1918, the
trustees executed and delivered to Spitzer a deed of the
property.

October 17, 1918, Mercer deeded the land to plaintiff and
the deed was recorded November 1, 1918. Neither the
plaintiff nor Mercer knew of the call for the twenty per
cent installment or of the sale of the property until about
December 10, 1918. Immediately after learning of the sale
the plaintiff offered to redeem and tendered payment both
to Spitzer and the county treasurer of the amount of said
installment with the accrued interest, costs, and penalty,
and interest on said sums at the rate of two per cent per
month from the date of the sale, but his offer was· refused.
The plaintiff then brought this suit and in his complaint of-
fered to pay said sums. The court entered judgment declar-
ing the certificate and the trustees' deed null and void and
quieting plaintiff's title to the land upon payment by the
plaintiff to Spitzer of the aforesaid sums.

The court found that the certificate of sale did not de-
scribe the Mercer land. As stated, the notice of sale, contain-
ing a correct description of the land, was embodied in the
certificate by way of recital. This was followed by the
statement that the southeast quarter of section 21 was sold.
An examination of the certificate of sale alone or in con-
junction with all the papers and proceedings leading up to
the sale would not disclose what lands were actually sold.
Only by evidence outside of the record of the proceedings
could it be determined what land was sold. Before consum-
mating the purchase, the plaintiff caused the records to be ex-
amined by the Kings County Abstract Company. The com-
pany, misled by the erroneous description of the land in the
certificate of sale, certified that "said property is included
within the boundary lines of Tulare Lake Reclamation Dis-

trict No. 749, and is subject to any taxes or assessments for the purpose thereof; from an examination of the records of said district in the office of the county treasurer of Kings County, it appears that all such taxes or assessments heretofore levied have been fully paid." Appellant argues that the abstract company was the agent of the plaintiff in the examination of the records; that at the time of such examination there was on file in the office of the county treasurer a book containing the stubs of receipts given on payment of assessments; that the abstract company knew that such book was on file; that among such stubs was one showing that the southeast quarter of section 27 had by Spitzer been "bought for twenty per cent with costs, interest and penalty"; that the knowledge of the abstract company was the knowledge of the plaintiff; and that the foregoing facts were "sufficient to put him on actual notice." Even if the plaintiff had actual knowledge of the contents of all records in the treasurer's office the uncertainty as to what lands were actually sold to Spitzer would still exist.

[1] Appellant contends that the description of the land in the certificate of sale is not fatally defective, citing *Leonard* v. *Osburn*, 169 Cal. 160 [146 Pac. 531], where it is said: "A deed is not void for uncertainty because of errors or inconsistency in some of the particulars of the description. . . . If the description is general, the particular subject matter to which the description applies may be ascertained by parol evidence. Nor will the deed be void for uncertainty from the fact that the description in part is false or incorrect, if there are sufficient particulars given to enable the premises intended to be conveyed to be identified." The case cited is not in point. The deed there under discussion was between individuals and no question of a tax title was involved. In case of a tax title "it is not sufficient that a similar description, in a contract or conveyance between individuals, might be shown by parol evidence to have been intended for particular premises. The description must be certain of itself, and not such as to require evidence *aliunde* to render it certain." (*Keane* v. *Cannovan*, 21 Cal. 302 [82 Am. Dec. 738].) "It is hardly necessary to say that tax proceedings are *in invitum*, and to be valid, must be in strict accordance with the statute." (*People* v. *Mahoney*, 55 Cal. 288.) "A description which

would suffice in an agreement to convey, or in a deed, may be bad in an assessment. In the first case, the court might inquire as to the intention of the parties, but in the other the owner has no part in the proceeding, which is hostile, and to every step in which he is objecting." (*Miller* v. *Williams*, 135 Cal. 185 [67 Pac. 789].) "A tax sale certificate containing an insufficient description is invalid, and the deed based thereon must likewise be invalid." (*Little* v. *Burlingham*, 33 Idaho, 757 [198 Pac. 464]; *Wilson* v. *Jarron*, 23 Idaho, 563 [131 Pac. 12]; *Cahoon* v. *Seger*, 31 Idaho, 101 [168 Pac. 441].) In *Simmons* v. *McCarthy*, 118 Cal. 622 [50 Pac. 761], there was an inconsistency between two recitals in a tax deed as to the year of the assessment and the uncertainty was held fatal. The following cases in which errors in tax proceedings have been held fatal illustrate the strict compliance with the law required to sustain a tax title: *Simmons* v. *McCarthy, supra* (difference in recitals of deed of three cents as to amount paid); *Miller* v. *Williams, supra* (sale for eight cents more than was due); *Fox* v. *Townsend,* 152 Cal. 51 [91 Pac. 1004, 1007] (omission of dollar-mark in assessment-roll); *Treadwell* v. *Patterson,* 51 Cal. 638 (sale for thirty-six cents more than due); *Harper* v. *Rowe,* 53 Cal. 233 (sale for seventy cents more than due); *Axtell* v. *Gerlach,* 67 Cal. 483 [8 Pac. 34] (sale for one dollar more than due); *Warden* v. *Broome,* 9 Cal. App. 172 [98 Pac. 252] (statement in published delinquent list of eighty-two cents in excess of amount due, though sale was for correct amount); *Lantz* v. *Fishburn,* 3 Cal. App. 662 [91 Pac. 816] (sale was noticed to be held at "the easterly door of the courthouse" instead of "the front of the courthouse" as the law required). The requirement that the certificate of sale shall be recorded is not for an idle purpose but to give notice to the owner and subsequent purchasers of its contents. (*Page* v. *Rogers,* 31 Cal. 294; *Foorman* v. *Wallace,* 75 Cal. 557 [17 Pac. 680]; *Bennett* v. *Wilson,* 122 Cal. 513 [68 Am. St. Rep. 61, 55 Pac. 390]; Civ. Code, sec. 1107.)

At the time the trustees directed payment of the installment in question here section 3466 of the Political Code provided: "Upon making such order the secretary shall cause to be published a notice in the following form: (Name of reclamation district, location of principal place

of business.) Notice is hereby given that at a meeting of the directors, held on the (date), an installment of (amount) was ordered paid within thirty days from date thereof to the treasurer of the county of (name of county). Any installment which shall remain unpaid on the (day fixed) will be delinquent together with the accrued interest thereon and costs and penalties." Instead of following the form so prescribed the secretary caused to be published the following notice:

"TULARE LAKE RECLAMATION DISTRICT No. 749

"Principal Place of Business, Kings County, California, Office of Trustees, Hanford, California.

"Notice is hereby given that at a meeting of the directors or trustees of the District held on January 8th, 1917, an installment of twenty per cent of the total assessment was ordered paid on the 20th day of February, 1917, to the Treasurer of the County of Kings, State of California. Any installment which shall remain unpaid on the said 20th day of February, 1917, will be delinquent, together with the accrued interest thereon and costs and penalties.

"By order of the Board of Trustees or directors.

"Leon J. Israel,
"Sec. Tulare Lake Reclamation District No. 749."

Respondent contends that this notice is fatally defective in not giving the street and number of the principal place of business of the district and in stating that the installment was ordered paid "on the 20th day of February, 1917," instead of "within thirty days from date" of the order made by the trustees. This contention finds support in the case of *Simmons* v. *McCarthy*, 118 Cal. 624 [50 Pac. 762], where it is said that "when a form has been made necessary, it is not for the courts to inquire whether the required recitals are of material facts or otherwise. A special power granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and it should so appear on the face of the proceedings." It may be further noted that section 3466 provides: "Immediately after the said installment has become delinquent, the trustees of the district must publish . . . a notice that the property assessed will be sold on the date therein stated," etc. In this case the notice of sale was

signed by the secretary of the board of trustees as such and there was nothing in the notice to indicate that it was given or published by the direction or under the authority of the trustees. Having arrived at the conclusion, however, that the certificate of sale is insufficient, it is not necessary to decide the other questions raised.

In this case the plaintiff paid Mercer $6,000 for the land in dispute. The court found that the land was worth $5,000. The defendant purchased the property at the trustee's sale for $16.50. Neither Mercer nor the plaintiff knew of the call for the installment or of the sale of the land until after the period for redemption had expired. If the judgment is upheld, the defendant will receive all that he paid out with interest thereon at the rate of two per cent a month. If the sale to the defendant be held valid, he will receive the property for one-third of one per cent of its true value. A court should not uphold a title so acquired unless compelled by the strict letter of the law.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.