[Civ. No. 3822. Third Appellate District.—June 21, 1929.]

J. L. SAWYER, Respondent, v. BERKELEY SECURI- TIES COMPANY (a Corporation) et al., Appellants.

Clark, Nichols & Eltse, Brobeck, Phleger & Harrison and Milton Newmark for Appellants.

David F. Bush for Respondent.

PLUMMER, J.—Plaintiff had judgment quieting title to certain lands situate in the county of Stanislaus, state of California, described as follows: North Tract lots E, F, 26 to 30, inclusive, and fifteen acres lying southeasterly of above, being east of Sixth Avenue, and northwest of south line of E Street, in southwest quarter-section 11, township 2 south, range 10 east. From this judgment the defendants appeal.

The plaintiff's title is based upon a certain deed of conveyance dated the thirtieth day of June, 1926, executed by Ed Whitmore, tax collector of the county of Stanislaus, as the party of the first part, to J. L. Sawyer, the plaintiff in this action, as party of the second part, whereby the said party of the first part purported to convey to the plaintiff the lands above described pursuant to the sale made thereof by the party of the first part to the party of the second part on account of delinquent taxes.

At the trial in said action, and upon this appeal, the appellants contend that the deed purporting to convey the above-described premises to the plaintiff was and is void for the following reasons: First, that the notice of the delinquency and sale of said property on account of the failure of payment of taxes assessed for the year 1920, was irregular and void in that it did not specify the hour when, by operation of law, said property would be sold; second, that no notice of the sale of said property to the plaintiff was given to the person in whose name said property stood, and to whom it was assessed, as provided by law, the name and address of said person appearing upon the assessment-roll, and, third, that the assessment for the year 1920 was and is void, and furnished no basis for a sale of said property and conveyance thereof to the plaintiff. Some other objections are made, but they are only incidental to the three which we have mentioned. The defendants in an answer, in addition to denying the title in the plaintiff, ask that they be let into possession, and for such other and further relief as to the court may seem just and equitable. The record shows that after the execution of the deed to the plaintiff, as above recited, the plaintiff went into and remained in possession of the premises described in the conveyance, and has received the rents, issues and profits thereof, if any. The noncompliance with the provisions of the Political Code relative to notices and the alleged invalidity of the assessment in the first place, all appear of record and are matters about which there is no dispute, the legal sufficiency or insufficiency constituting the subject of controversy. We will consider the alleged invalid proceedings in the order named herein.

Section 3767 of the Political Code, specifying the notice that shall be given when taxes have become delinquent, and title, by operation of law, will pass to the state

unless payment is made, reads as follows: "The publication must designate the day and hour when the property will, by operation of law be sold to the State, which sales must not be less than twenty-one days, nor more than twenty-eight days from the time of the first publication, and the place of sale shall be the tax collector's office." The notice given by the tax collector of the county of Stanislaus, so far as this question is concerned, read as follows: "The real estate upon which taxes are a lien will, by operation of law, be sold to the State of California, on Wednesday, the 29th day of June, 1921." In 24 California Jurisprudence, page 326, section 300, we find the law as to what shall be stated in the notice and the authorities supporting the necessity for setting forth each particular requirement contained in the section, worded as follows: "Under the Code as amended in 1895, the tax collector is required to append to, and publish with the delinquent list a notice that unless the delinquent taxes, together with the costs and percentages, are paid, the real property upon which such taxes are a lien will be sold, designating the day and hour and place at which the property will be sold to the State. Such notice is designed to afford the property owner protection and enables him to pay his taxes before title shall pass from him, and is a jurisdictional prerequisite to the making of a valid sale." In the case of *Numitor Gold Mining Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464], this court said: "The notice of the time of sale is statutory and jurisdictional, and the court must not speculate as to the actual date intended to have been inserted." (Citing *Lewis* v. *Tulare Reclamation Dist.,* 56 Cal. App. 52 [204 Pac. 421]; *Simmons* v. *McCarty,* 118 Cal. 622 [50 Pac. 161].) And quoting from section 207 of Black on Tax Titles is as follows: "It (the notice) must designate the time and place of the sale with such certainty that there can be no reasonable misconception in regard to it." (Citing, also, 3 Cooley on Taxation, 4th ed., p. 2804, sec. 1415.) See, also, *Bernhard* v. *Wall,* 184 Cal. 612, at page 622 [194 Pac. 1040]. In *Beck* v. *Wilson,* 49 Cal. App. 281 [193 Pac. 158], the court, in speaking of the notice required by this section, expressed its views in these words: "The legislature has seen fit to provide that such sales shall be made within a specified time after the first publication of the notice, and there can be no deviation from the rule which requires a strict com-

pliance with the provision. The rule is so well settled and of such universal application that it would seem an idle act to cite authorities in support thereof.'' However, a number of authorities are there cited. To the same effect is Cooley on Taxation, third edition, volume 2, pages 929 and 930, that whatever the provision may be relative to the hour, day and place specified in the statute, it must be strictly complied with.

The second alleged failure to comply with the code provisions refers to the mailing of the notice of sale, at which sale the plaintiff became the purchaser. The record shows that the tax collector of the county of Stanislaus mailed a copy of the delinquent list, addressed to the person in whose name the property involved was assessed, giving notice of the sale, and which delinquent list was mailed on June 11, 1926, which was less than twenty-one days before the date of sale mentioned in said notice. As to the failure of the tax collector in relation to the first notice, the court found as follows: ''That while the notice of sale set out in this finding did not specify an hour of sale, that fact did not materially affect the rights of anyone or the authority of the tax collector to make the tax deed mentioned in finding No. 1.'' And in relation to the failure to mail notice as required by the Political Code, the court found as follows: ''That the failure to mail said notice at least twenty-one days before the date of said sale fixed in said addenda was not material and did not materially or substantially affect the rights of the defendants or any of them.'' While the first notice referred to herein, published in 1921, stated that the property would be sold to the state, it is only by operation of law or fiction of law that we can treat the property as sold to the state. No deed in fact was ever executed, and thereafter the tax collector proceeded to advertise and sell the property under and in accordance with the provisions of sections 3764, 3771 and 3771a of the Political Code, and the intervening sections which are not material to consider herein. Section 3764, *supra,* provides that on or before the eighth day of June of each year the tax collector shall publish the delinquent list, which notice shall state a day and hour and place of sale, which must be had not less than twenty-one nor more than twenty-eight days from the time of the first publication. And section

3771a of the same code requires "that the tax collector shall, within five days after the first publication of said delinquent list, mail a copy of said list or publication, postage thereon prepaid and registered, to the party to whom the land was last assessed next before such sale, at his last known residence, said notice to be mailed at least twenty-one days before the date of sale," etc. In 24 California Jurisprudence, page 351, we find the following: "The notice, when given, must be mailed at least twenty-one days before the date of the sale thereunder, and to the party at his last known post office address, or the sale and deed will be void. The length of time during which a notice must be given is quite as substantial as the requirement that notice of sale shall be given at all." In the case at bar it is simply a question of a failure to give notice for the length of time required by statute. In *Knight* v. *Hall,* 28 Cal. App. 435 [152 Pac. 952], a case involving the mailing of notice as required by the statute as it then read giving three weeks' notice, the notice being mailed on the second day of February, and the sale fixed for February 19th, the contention was made that the property owner had received actual notice, and at the trial the appellant offered in evidence a receipt showing that the person to whom the registered letter was addressed had receipted the same. Upon objection this offered testimony was excluded. This ruling was sustained upon appeal. The court in its opinion using the following language: "There was no error in this ruling since it did not tend to prove a compliance with the provisions of the statute. without which there was no authority in the tax collector to make the sale." (Citing Cooley on Taxation, ed. 1883, p. 335.) "Actual notice of the time fixed for the sale cannot be deemed a substitute for the statutory requirement." Hearing of this case in the Supreme Court was denied. In *Joslin* v. *Shaffer,* 66 Cal. App. 69 [225 Pac. 307], this court had before it the question of the sufficiency of mailing a notice as provided by section 3771a of the Political Code, and also other sections relating to the mailing of notice, and in holding that a notice mailed, which contained a direction upon the envelope to return to the tax collector within a certain number of days, if not delivered, and which was returned undelivered, was insufficient to comply with the statute, quoted with approval the case of *Smith* v. *Furlong,*

160 Cal. 522 [117 Pac. 527], and *Healton* v. *Morrison,* 162 Cal. 668 [124 Pac. 240], where it was held "that in the sale by the State, under the provisions of section 3897 of the Political Code, publication and mailing of notice were both jurisdictional prerequisites to a valid sale by the State, and that a failure to give the latter notice, when the condition existed requiring it, rendered the sale and the deed there-under void." A number of cases are cited in the opinion in the case, prepared by Presiding Justice Finch, showing that strict compliance with the code provision as to the giving of notices is requisite. In *Brady* v. *Bostwick,* 21 Cal. App. 526 [132 Pac. 472], one of the earliest cases in which the District Court of Appeal passed upon the questions here involved, we find the following (quoting from the syllabus) : "A tax sale is invalid if the tax collector fails to mail a copy of the notice of sale at least three weeks prior thereto, to the party to whom the land is assessed, if his name and address are known." This decision was handed down in 1913, prior to the amendments to the Political Code requiring twenty-one days' notice. To the same effect is the decision of this court in *Cordano* v. *Kelsey,* 28 Cal. App. 9 [151 Pac. 391, 398], where, speaking through Presiding Justice Chipman, it is said: "Failure to give notice for the time specified, renders the sale void." The code provision at that time required three weeks' notice before the sale. Twenty days' notice, only, was given. The time limit fixed by section 3897 of the Political Code being twenty-one days, and the notice having been mailed only twenty days before the day of sale, was one day short of the requirement of the statute, and, consequently, insufficient. In *Rudell* v. *Collins,* 174 Cal. 363 [163 Pac. 204], the court, having before it the sufficiency of a notice under section 3897 of the Political Code as it read in 1913, held as follows: "The mailing of the notice, where the post office address of the party to whom the land was last assessed, is known, is a prerequisite to the authority of the tax collector to make the sale." (Citing a number of cases.) In *Krotzer* v. *Douglas,* 163 Cal. 49 [124 Pac. 722], in speaking of the code provisions requiring mailing of notice, it is said: "That compliance with this requirement is essential to the authority of the tax collector to make the sale is no longer an open question." This decision was rendered in 1912 and was based upon the

giving of notice for the requisite time specified in section 3897 of the Political Code. The only limitation relative to the giving of notice is found in the cases where the facts show that the name and address of the person to whom the property was last assessed, does not appear upon the assessment-roll. This is pointed out in the recent case of *Jacoby* v. *Wolff*, 198 Cal. 667, on page 681 [247 Pac. 195]. This limitation, or as sometimes expressed, excuse for not mailing the notice, does not apply in the case at bar, as the record shows the name and address appeared. Other cases might be cited, but as said in one to which we have made reference, the law as to notice being jurisdictional and necessary to be given in strict compliance with the code, is so well settled that the fact only needs to be mentioned.

In answer to the failure to give notice as required by the sections of the Political Code to which we have referred. the respondent relies upon the case of *Scott* v. *Beck*, 204 Cal. 78 [266 Pac. 951] where it is said, "that the law applicable, at the time of the sale, for delinquent taxes follows through all the proceedings dependent thereon," and contends that as sections 3764 and 3771 of the Political Code were amended in 1921 (section 3771 was divided into two sections, to wit, 3771 and 3771a) the notices provided for therein are not applicable to the case at bar. An examination of the case of *Scott* v. *Beck, supra*, discloses that the contention is not tenable. That case was decided in April, 1928, but the sale upon which the validity of the title involved in that action depended, took place on July 3, 1919, and, of course, irrespective of the time when the cause was heard, the decision necessarily was based upon the code provisions in force at the date of the sale. Applying the same rule here, the code provisions in force at the date of the sale to the plaintiff would be as of the time of the sale, to wit, in June, 1926, long after the sections referred to as amended became effective. So far as the giving of notice of sale may be concerned, it has been held that the state has a right to change the requirements in relation thereto, and these requirements apply to any property which has, by operation of law, been sold to the state, and is thereafter sold to private parties, no deed ever having been made to the state. (*Buck* v. *Canty*, 162 Cal. 226 [121 Pac. 924].)

It is finally contended by the appellants that the original assessment for the delinquent taxes alleged to be due, on account of which the property was sold to the state in 1921, is invalid. This contention appears to be well taken. A copy of the assessment-roll, in so far as it affects the property involved, for the year 1920, is set forth in the transcript. An inspection of the assessment sheet shows that it does not comply with the requirements of section 3650 of the Political Code; and that it does not give the cash value of the real estate or of the improvements, or the total value of the property, or the amount of the taxes due. The assessment-roll contains figures only, and no dollar-marks to indicate value, save and except one line of the assessment sheet contains the following words: "30 acres of alfalfa at $8." As to the real estate under the head of the word "Section" is the figure "11," Under the title of "Township" appears figure number "2." Under the head of "Range," the figure "10." Under the heading "Number of Acres," the figure "40." Under the heading "Value of Real Estate," the figures "3600." Under the heading "Value of Improvements," the figures "240." Under the heading, "Total Value of Property," "3840." On the first sheet appears the word "over." To the page referred to we find the following: "Total tax," "107 52." "Total School Taxes," "57 60." "First Installment School Tax," etc., "28 80." "First Installment Tax On Personal Property," "53 76." Under the title, "Fifteen Per Cent Added," "8 06." Under the title, "Fifteen Per Cent Added," "4 32." Under the title, "Second Installment, Remainder on School Tax," "28 80." Under the title, "Second Installment, Remainder on Real Estate," "53 76." There is no dollar-mark at the beginning or at the heading of any of the columns under which the figures which we have set forth appear. Nor is there any explanation contained upon the assessment-roll to indicate values, other than as stated. In *Emeric* v. *Alvarado*, 90 Cal. 444 [27 Pac. 356], the court had before it an assessment-roll identical with the one which we are considering—the failure of the assessment-roll to contain any dollar-mark, word or abbreviation showing what was meant by the figures under the headings of the respective columns where the figures appeared. The court there said: "That such a defect is

fatal to an assessment has been too long the established law to be now questioned; it has become a rule of property." (Citing *Hurlbutt* v. *Butenop*, 27 Cal. 57; *Braly* v. *Seaman*, 30 Cal. 611; *People* v. *San Francisco Sav. Union*, 31 Cal. 132; *People* v. *Hastings*, 34 Cal. 571; *People* v. *Hollister*, 47 Cal. 408.) In *Fox* v. *Townsend*, 152 Cal. 51 [91 Pac. 1004], the same question was considered, and the court in its opinion said: "The assessment of this lot upon which the tax sale was based shows that there was no dollar mark or other mark, sign, word, abbreviation or explanation on the assessment-roll to indicate what was meant by the figures in the column designed to show the value of the property and the amount of the taxes. This being the case, the assessment was void and the sale and deed made thereunder are likewise void" (citing the cases above referred to); and then continues: "This omission appearing in the assessment itself necessarily invalidates the proceedings. In this respect this case is to be distinguished from the case of *Carter* v. *Osborne*, 150 Cal. 620 [89 Pac. 608], where the omission of the dollar mark or sign was in the delinquent list and not in the assessment." In the case at bar the failure is in the assessment, and, therefore, renders the assessment invalid and the whole proceeding based thereon likewise invalid. The Fox case, *supra*, is cited among others as authority in the case of *Lewis* v. *Tulare Reclamation Dist. No. 749*, 56 Cal. App. 52 [204 Pac. 421]. In answer to these cases the respondent cites *Knoblock* v. *Associated Oil Co.*, 170 Cal. 144 [148 Pac. 938]. An examination of the facts recited in that case shows that it is readily distinguishable from the case at bar in that the dollar-mark does appear in the heading of the column showing the total value of the real estate. That was the only question involved in that case, and differs from the facts of the one at bar in that there is no value whatever save and except as to the alfalfa, which we have stated, and the total value of that is not indicated. In the case at bar there is an absolute want of any word, sign or character to indicate the amount of the tax, and likewise, the value of the real estate assessed.

In view of what has been said, it does not appear necessary to consider the objections urged as to the invalidity of the school taxes, by reason of the fact that the proceedings leading up to the sale and the invalidity of the assess-

ment necessitates a reversal, irrespective of whether the names of the respective school districts were or were not stated.

It is further contended by the appellants that as the property was not sold to the state, each year between the date of the first advertising of sale and the date when the property was sold to the plaintiff the penalties prescribed by the second subdivision of section 3817 of the Political Code do not apply. This question is not really before us to be decided, as the amount which the defendants should pay to the plaintiff does not depend upon the validity or invalidity of the subdivision of the section referred to or whether the state had the absolute legal right to charge the penalties therein prescribed and require payment thereof by the plaintiff at the time he received the tax collector's deed therefor. Subdivision 5 of section 3898 of the Political Code provides that where the purchaser at a tax sale is not finally awarded the property, "no decree of the court shall be given declaring a forfeiture of the property until the former or other party in interest shall have paid to the purchaser the full amount of the tax penalties and costs paid out and expended by him, to be determined by the court in pursuit of the state's title to the property so sold." As we have said, the state's title or claim of title arose by operation of law or fiction of law, and to obtain the title which is in litigation in this action, the plaintiff was compelled to pay the penalties mentioned in the second subdivision of section 3817, *supra.*

It is finally argued that as the assessment was void, the defendants should not be required to pay the sums expended by the plaintiff in obtaining a title from the state, nor any sums paid on account of taxes or assessments thereon since the date of the purchase. This question has been variously discussed and decided favorably and adversely by our own courts, the decisions being based in some instances upon what is called a void assessment, and others, upon irregularities in the sale, leading to a decree adjudging the proceedings void and the deed executed to the purchaser likewise void. We see no distinction between the effect of a decree declaring a deed void, whether that result is brought about by reason of the invalidity of an assessment or the invalidity of the proceedings. The pur-

chaser pays the same in either case. True, the statute speaks of the state's title, but the state, in fact, only had, in any case, a color of title. If the state really possessed the title, and the proceedings were irregular, the state would still hold the title. But better reasoning appears to us to be contained in the cases hereinafter cited which hold that the purchaser is entitled to recover the moneys paid by him in the obtaining of whatever title or color of title the state apparently possesses. Again, the distinction has been made between whether the purchaser or the former owner instituted the proceedings. In the case at bar the purchaser has instituted this proceeding, but the defendants asked to be let into possession, and for such other and further relief as to the court might seem just and equitable. This places the court in the position of doing what, under the circumstances, appears to be just and equitable.

In the case of *Holland* v. *Hotchkiss,* 162 Cal. 366 [L. R. A. 1915C, 492, 123 Pac. 258], in a well-considered opinion written by Justice Shaw, we find the following: "In view of this weight of authority and the inconsistency of our own cases on the subject, the decisions which deny the application of the rule to tax cases should be deemed overruled and the correct principle declared. Where the owner comes into equity asking that equitable relief to remove or cancel the tax deed or sale as a cloud upon his title, or to obtain a judgment which, in effect, will invalidate such sale or deed, the court should refuse any relief except upon the condition that he first repay to the tax purchaser or his grantee or assignee, the taxes, penalties, interests and costs justly chargeable upon the land and which the purchaser has paid, at the sale or afterward, upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession." In *Joslin* v. *Shaffer, supra,* this court expressed the same view. The appellants ask that this court calculate the amount that should be paid, and direct judgment to be entered. Owing to the fact that the purchaser has been in possession and in receipt of the rents, issues and profits, if any, it is impossible for this court to ascertain the amount which the appellants should be directed to pay to the plaintiff. The opinion of the trial court that the omissions to comply with the code provisions herein referred to were not material, cannot be

allowed to set aside jurisdictional requirements. The proceedings are *in invitum,* and the cases which we have cited hold that the subjects discussed are all jurisdictional, and courts are not permitted to speculate as to whether failure to observe jurisdictional requirements does or does not result in injury.

The judgment is reversed and the cause remanded to the trial court, with directions to ascertain and fix the amount which should be paid by the appellants to the plaintiff, and enter judgment to the effect that the plaintiff acquired no title by reason of the purported conveyance to him of the premises involved, by reason of the tax deed. involved in this action, and that the appellants be let into possession upon paying to the plaintiff or depositing in court to his credit the amount of the taxes, penalties and costs expended by the plaintiff as herein referred to, less the rents, issues and profits, if any, of the premises, received by the purchaser since the thirtieth day of June, 1926.

Thompson (R. L.), J., and Finch, P. J., concurred.